IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| TABE HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNNY B. DAVIS, Individually,<br><br>    Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TABE Holdings, LLC ("TABE" or "Plaintiff") files this Original Complaint against Johnny B. Davis, in his individual capacity ("Defendant") and would respectfully show as follows:

### PARTIES

1. Plaintiff TABE Holdings, LLC is a limited liability company formed and organized under the laws of the State of Wyoming.

2. On information and belief, Defendant Johnny B. Davis is a resident of Amarillo, Texas, and can be served with process at 1100 SW 1st Avenue, Amarillo, Texas 79106.

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant because Defendant resides in Texas and his actions giving rise to this suit took place in the Northern District of Texas.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties to this suit and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. More specifically, Plaintiff is a Wyoming

limited liability company, and its three members are citizens of New Mexico, Oregon, and Iowa. Defendant is a citizen of Texas.

5.      Venue is proper under 28 U.S.C § 1391(b)(2) because the events giving rise to this suit took place in the Northern District of Texas.

## FACTUAL BACKGROUND

6.      On or about March 13, 2022, TABE and Defendant entered into a Stock Purchase Agreement (the "Agreement") for the sale of Johnny B. Electrical, Inc. (the "Company").

7.      Under the terms of the Agreement, TABE agreed to purchase from Defendant all shares of common stock of the Company for a total consideration of $6,605,000.00 (the "Purchase Price") which consisted of a cash payment and financing via two SBA-backed promissory notes payable to Defendant. At relevant times herein, TABE has timely made all payments pursuant to and as required under the promissory notes.

8.      The Closing of the sale of the Company occurred on or about May 31, 2022 (the "Closing Date").

9.      In Article III of the Agreement, Defendant, as seller, made several Representations and Warranties to TABE, as buyer, regarding the Company and its liabilities. More specifically, Section 3.07, titled "Undisclosed Liabilities," states in part:

> the Company has no liabilities, obligations, or commitments of any nature, whatsoever, whether asserted, known, absolute, accrued, matured, or otherwise. . . except: (a) those which are adequately reflected or reserved against in the Balance Sheet as of the Balance Sheet Date; and (b) those which have been incurred in the ordinary course of business consistent with past practice since the Balance Sheet Date and which are not, individually or in the aggregate, material in amount.

10. In addition, Section 3.08 of the Agreement provides that:

> [s]ince the Balance Sheet Date, and other than in the ordinary course of business consistent with past practice, there has not been, with respect to the Company,

any change, event, condition, or development that is, or could reasonably be expected to be, individually or in the aggregate, materially adverse to the business, results of operations, conditions (financial or otherwise), or assets of the Company.

11. Finally, Article IX of the Agreement sets forth certain Conditions to Closing. Section 9.01 states in relevant part:

the obligation of Buyer to proceed with Closing shall be subject to the satisfaction or waiver of each of the following conditions: (a) [a]ll the covenants, obligations, and agreements of Seller under this Agreement to be complied with or performed or satisfied at or prior to Closing shall have been complied with or performed or satisfied in all material respects. . . ; (b) [t]he representations and warranties of the Seller as set forth in Article III shall be true and correct in all respects as of the Signing Date and as of the Closing. . .; (c) [s]ince the Signing Date, there have been no Material Adverse Effect (or any development that, insofar as reasonably can be foreseen, is reasonably likely to result in a Material Adverse Effect.

12. In connection with the above-stated Representations and Warranties, Defendant also agreed to deliver to TABE on the Closing Date certain financial records of the Company, including an updated balance sheet and aging statement "as of the close of business on the day before the Closing Date, which shall set forth the amount of cash, accounts receivable, and retainage owed for pending projects related to the Business."

13. Contrary to Defendant's representations under the Agreement, the financial records and condition of the Company, as of the Closing Date, were inaccurate, false, and misleading.

14. For example, after the Closing Date TABE discovered several undisclosed liabilities in the form of accounts payable on at least ten (10) pending projects for the Company. TABE also discovered that Defendant's billed expenses for these projects exceeded the actual expenses by almost $4,000,000.00. It was also discovered that some of these over-billed expenses are the result of manipulated or doctored receipts or invoices.

15. None of these liabilities were disclosed or appeared on the Company's financial

records as of the Closing Date, including the updated balance sheet and aging statement represented by Defendant to be current as of the close of business the day before the Closing Date.

16. These fraudulent and misleading representations by Defendant have saddled TABE with post-Closing liabilities for the Company in an amount exceeding $1.4 million. Furthermore, these undisclosed liabilities have resulted in a Material Adverse Effect on the business, results of operations, and financial condition of the Company since the Closing Date.

17. Additionally, TABE has incurred unexpected expenses totaling $375,000.00 related to factoring receivables to account for the decreased cash flow directly related to, and resulting from, Defendant's fraudulent and misleading representations and warranties.

18. On or about December 19, 2022, TABE made a demand on Defendant for compensation related to Defendants' unlawful conduct as described herein. Defendant, however, has ignored the demand.

## COUNT I: BREACH OF CONTRACT

19. TABE incorporates all preceding paragraphs by reference.

20. The Agreement is a valid and enforceable contract.

21. As described above, contrary to the promises in the Agreement, Defendant failed to disclose certain liabilities of the company including, but not limited to, the ten (10) existing projects referenced above.

22. The aforementioned acts and omissions of Defendant constitute a breach and/or anticipatory breach of the Agreement.

23. As a result of these breaches of contract, TABE has suffered actual and compensatory damages for which it now sues.

## COUNT II: FRAUD (COMMON-LAW)

24. TABE incorporates all preceding paragraphs by reference.

25. Defendant's conduct, as described above, constitutes fraud.

26. Defendant made material omissions and material representations to TABE that were false when made and that Defendant knew were false or were made recklessly, as a positive assertion, and without knowledge of its truth; Defendant intended that TABE act on the representations; TABE relied on the representations; and the representations caused TABE damages.

27. Defendant's actions were under false pretenses and in fraud on the rights of TABE. Such conduct was committed knowingly, willfully and with full knowledge of the wrong being committed. As a result, TABE requests exemplary damages pursuant to Section 41.003 of the TEX. CIV. PRAC. & REM. CODE.

## COUNT III: FRAUD (STATUTORY)

28. TABE incorporates all preceding paragraphs by reference.

29. Defendant's conduct, as described above, constitutes statutory fraud.

30. The Agreement related to the purchase of stock from Defendant to TABE for the Company.

31. Defendant made material omissions and material misrepresentations of fact to TABE that were meant to induce TABE to enter into the Agreement. TABE relied on these false representations and entered into the Agreement and suffered damages as a result.

32. Defendant's actions fraudulently induced TABE to enter into the Agreement. Such conduct was committed knowingly, willfully and with full knowledge of the wrong being committed. As a result, TABE requests exemplary damages pursuant to Section 27.01(c) of the TEX. BUS. & COM. CODE.

## ATTORNEY'S FEES AND OTHER COSTS

33. Based on Defendant's wrongful conduct as alleged herein, TABE was forced to retain the undersigned counsel and has incurred and will incur reasonable and necessary attorney's fees and costs, which TABE seeks to recover pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code and Section 27.01(e) of the Texas Business & Commerce Code.

## PRAYER

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Judgment in Plaintiff's favor and against Defendant on all causes of action alleged herein;
2. Actual and compensatory damages
3. Reasonable and necessary attorney's fees;
4. Exemplary damages;
5. For costs of suit incurred herein;
6. For prejudgment and postjudgment interest at the maximum rate allowed by law;
7. For such other and further relief as the Court may deem to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

Dated: February 6, 2023	Respectfully submitted,

*/s/ Robert A. Hawkins* _____
William S. Richmond
Texas Bar No. 24066800
Email: brichmond@pcrfirm.com
Robert A. Hawkins
Texas Bar No. 00796726
Email: bhawkins@pcrfirm.com
Heather M. Crabill
Texas Bar No. 24131151
Email: hcrabill@pcrfirm.com
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

*/s/ Marvin W. Jones* _____
Marvin W. Jones
Texas Bar No. 10929100
**SPROUSE SHRADER SMITH PLLC**
701 S. Taylor, Suite 500
Amarillo, Texas 79101
806.468.3344 Main
Email: marty.jones@sprouselaw.com

**COUNSEL FOR PLAINTIFF**